(117 So. 804)

### KNIGHT v. STATE. (5 Div. 695.)

Court of Appeals of Alabama. June 30, 1928.

558

Pruet & Glass, of Ashland, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Appellant was convicted generally, upon a trial under an indictment in two counts, one of which charged him with what has come to be commonly known as the offense of "unlawfully distilling prohibited liquors," and the other charging him, likewise, with the offense of "unlawfully being in possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors." The indictment, which was unchallenged by demurrer, seems to have been perfectly drawn, for its purpose, and is similar in effect to those used in literally hundreds of cases in this state.

The evidence shows without dispute that no whisky was found at the still involved in this case, and fails to show that any had been made on it. However, it does show that a complete distilling outfit, suitable to be used for the purpose of manufacturing prohibited liquor, was found, and that there were from 300 to 500 gallons of beer made from cornmeal, sugar, and shorts, and which contained alcohol, also there. On this evidence appellant could, if shown to be connected with the possession and operation of the still, be rightfully convicted of the offense charged in count 1 of the indictment; the count charging that he did "distill, make, or manufacture alcoholic, spiritous, malted or mixed liquors or beverages, *some part of which was alcohol*," etc. Consequently, the court did not err in refusing to give appellant's written requested charges 2, A, B, C, and D.

Appellant's written requested charge 5 was, while perhaps otherwise faulty, certainly abstract.

His written requested charge 14 has been recently condemned by the Supreme Court. Charge 17 was, we think, fully covered, in substance at least, by the oral charge of the court, in connection with the written charges given at his request.

Appellant's written requested charge 19 was properly refused. See response of Supreme Court to certified question set out in full in the opinion of Samford, J., in the case of Crews v. State, post, p. 564, 117 So. 801.

Appellant's witness Campbell having testified that state's witness Thrower's reputation was good, thereby removing the possi-

bility of any inference that he held any ill-will toward the said Thrower, it seems, and we so hold, that the testimony of the state was allowed to elicit from this witness, on cross-examination, as to whether or not Thrower had caught witness' son making whisky, and that said son had been convicted, or pleaded guilty, was entirely irrelevant to any issue in this case, and was not permissible, even on cross-examination of the defendant's witness. Its effect was probably prejudicial to appellant's rights, and its admission, over his timely objections, was error.

■ The portion of the court's oral charge to which exception was reserved is not incorrect. If it could be said that it was not as clear as it might have been, appellant should have requested, in writing, an explanatory charge.

The other questions raised are not important, and will not likely arise upon another trial. They involve only elementary principles of law and will not here be noticed.

For the errors pointed out the judgment is reversed, and the cause remanded.

Reversed and remanded.