(123 So. 281)

**BURCHFIELD v. STATE. (6 Div. 427.)**

Court of Appeals of Alabama. June 25, 1929.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

---

[1] Post, p. 231.

BRICKEN, P. J. Count 2 of the indictment, under which this appellant was convicted, charged him with the possession, etc., of a still or apparatus or appliance, or some device or substitute therefor, to be used for the purpose of manufacturing or distilling prohibited liquors or beverages.

The corpus delicti of the offense charged was proven by the evidence without dispute. Wilson v. State, 20 Ala. App. 62, 100 So. 914; Ex parte State ex rel. Davis, 211 Ala. 574, 100 So. 917; Code 1923, §§ 4656, 4657. Under this state of the evidence, a voluntary confession of the defendant was admissible.

The state's evidence, without dispute or conflict, disclosed that the testifying officers found in Tuscaloosa county, within the period of time covered by the indictment, two whisky stills of large capacity, both of which were filled with beer of the kind from which whisky is made. The evidence disclosed that the stills were complete with the exception of a worm, and each of the state's witnesses testified that the stills and other component parts found by them at the place in question were such as were commonly or generally used for, or were suitable to be used in the manufacture of prohibited liquors and beverages.

The predicate laid for the introduction of defendant's confession met every requirement of the rules of evidence, and it clearly appeared, if such confession was made, it was entirely voluntary upon the part of the accused; the court properly so held. The defendant was found and arrested in close proximity to the stills, but he strenuously denied making the confessions testified to by the state's witnesses and claimed he was there with other parties fishing. This conflict in the evidence made a jury question. There was no semblance of error in any of the rulings of the court upon the admission of evidence.

The several affirmative charges requested by defendant were properly refused, as the evidence was in sharp conflict, and thus the court was without authority to direct the verdict.

Refused charge 3 is as follows: "I charge you gentlemen of the jury, that you should acquit this defendant unless the evidence excludes every reasonable supposition but that of the guilt of the accused." This charge was properly refused because of the use of the word supposition. Verdict may not be predicated upon what the jury may *suppose*, even though the supposition be reasonable. All decisions of the appellate courts of this state which hold that the refusal of such a charge is erroneous (and there are numerous such decisions) have been to this extent expressly overruled. Duncan v. State, 20 Ala. App. 209, 101 So. 472; Smith v. State, 197 Ala. 202, 72 So. 316.

Refused charges 15 and 20 have no application to this case, and their incorporation in this record was manifestly an inadvertence, as these charges relate to a proceeding wherein the city of Tuscaloosa appears to be the plaintiff. They, of course, were properly refused.

Refused charge 9 is elliptical by the use of the word "consistent" instead of "inconsistent." A similar charge was approved in Burton v. State, 107 Ala. 108, 18 So. 284, but in the case of Jones v. State, 181 Ala. 63, 61 So. 434, the Burton Case was overruled on this point. This charge has been frequently condemned. Shorter v. State, 209 Ala. 678, 679, 96 So. 890.

In the excellent oral charge of the court, the measure of proof was properly and clearly stated, and no instruction thus given had any tendency to infringe or impair the legal rights of the accused. It appears in this connection, and throughout the trial such rights were duly safeguarded and that this appellant was accorded a fair and impartial trial. This being true, he has no legal right to complain. The record proper is without error also; therefore the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.