36 So.2d 601

### GREEN v. STATE.
### 6 Div. 639.

Court of Appeals of Alabama.

June 15, 1948.

Rehearing Stricken Aug. 3, 1948.

Thos. Seay, of Marion, for appellant.

A. A. Carmichael, Atty Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged the defendant (appellant) with the offense of burglary of the inhabited dwelling house of Dalton Glover, which at the time was inhabited by Mrs. Dalton Glover, a person lodged therein. Said indictment was proper in form and substance. (Burglary in the first degree).

The accused interposed his plea of not guilty. The trial in the lower court resulted in the conviction of the defendant; the verdict of the jury being, "We the jury find the defendant guilty of burglary in the first degree as charged in the indictment, and fix his punishment at 15 years imprisonment in the penitentiary." Judgment of conviction was duly pronounced and entered, from which this appeal was taken.

The record discloses, as to that, all the proceedings were regular. No question to the contrary is presented.

It appears there was no dispute or conflict in the evidence as to the fact that the crime was committed by some person. The defendant, however, strenuously insisted that he was not the person who committed the offense, and on this issue the evidence was in sharp conflict, therefore for the jury to consider and determine.

As stated, the corpus delicti was proved by the evidence in its every detail. This authorized the introduction in evidence the confessions of the defendant after full, thorough and proper predicates had been laid. The evidence tends to show that the defendant not only confessed to the officers of the law, who testified in this case, but also, to the named injured party, Mrs. Dalton Glover, and to her, when he was carried to the burglarized dwelling house, he pointed out how he entered the building, and the place from which he stole the radio, and in another room, where he found and got the money, that was also stolen from the dwelling at the time he

committed the burglary. In this connection able and earnest counsel for the appellant insists that he was threatened by the officers, and was coerced by them into making the confession. The defendant so testified, but as stated, each of the officers, and Mrs. Glover also, testified to the fact that his confessions were voluntary in every way, as shown by the predicates above referred to. This controverted, and highly important, and conclusive question was for the jury.

Pending the trial of this case in the court below, numerous exceptions were reserved to the rulings of the court upon the admission and rejection of the evidence, and upon other matters. With commendable assiduity, counsel for appellant have incorporated each of these insistences as grounds upon which defendant's motion for a new trial is predicated. We have carefully considered every ground of the motion. It would serve no good purpose to discuss these numerous questions in detail. To do so would prolong this opinion to undue length. Numerous grounds of the motion relate to questions which were for the jury to consider and determine. Some of the grounds are not supported by the record. As to such insistences we are not authorized or empowered to substitute ourselves for the jury. We are clear to the conclusion that the evidence was sufficient to sustain the verdict of the jury and to support the judgment of conviction pronounced and entered. As to other rulings of the court, we find no ruling of the court calculated to erroneously affect the substantial rights of the defendant.

It is urgently insisted that "the punishment imposed upon the defendant (15 years) was unduly harsh and excessive." Under the now existing statute, Title 14, Section 85, Code 1940, it is provided:

"Burglary in the first degree.—Any person who, in the nighttime, with intent to steal or to commit a felony, breaks into and enters any inhabited dwelling house, or any other house or building, which is occupied by any person lodged therein is guilty of burglary in the first degree, and shall on conviction be punished at the discretion of the jury, by death or by imprisonment in the penitentiary for not less than ten years."

As stated, the verdict rendered by the jury was sufficient to support the judgment of conviction. The sentence imposed being within the limitations provided by the statute, this court is without power or authority to review or revise the judgment of conviction from which this appeal was taken, as to this.

The oral charge of the court was full, fair and explicit, it covered fairly and substantially every phase of the law involved in this case. No exceptions were reserved thereto.

Refused charge 4, viz.:

"Gentlemen of the Jury, I charge you that unless the evidence excludes every reasonable supposition but that the defendant is guilty, then you cannot convict the defendant."

The foregoing charge was properly refused for the use of the word "supposition." All cases in this State holding that the refusal of such a charge is erroneous, have been expressly overruled. Smith v. State, 197 Ala. 193–202, 72 So. 316.

The motion for a new trial was properly overruled. No error of a reversible nature appearing, the judgment of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.