74 So.2d 241

### WILLINGHAM v. STATE.

### 6 Div. 561.

Supreme Court of Alabama.

June 17, 1954.

Rehearing Denied Aug. 30, 1954.

deGraffenried & deGraffenried, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

James Willingham appeals from a conviction of murder in the first degree and a sentence of life imprisonment for the killing of Deward L. Brown. Though not required, the appellant has presented his claims of error by seventy-four assignments. We will treat them as raised, where special treatment is deemed necessary.

The appellant first complains of the trial court's action in overruling his objection to a question propounded to the State's witness, Dr. T. M. Wiley, in reference to the cause of the death of the deceased. This was couched in terms, argues the appellant, which called for the witness to testify as a matter of fact that the wound found by the Doctor, in his examination of the deceased: "was capable of producing death and calculated to produce death, and *did produce* death." The witness answered this in the following manner: "I would—I would say they were capable of producing death. They were possible." The court excluded the statement "They were possible." Later the witness in response to a similar question testified that it was his medical opinion that the wounds were calculated to produce death. The error therefore, if any, was cured. The refusal to exclude the answer of a medical expert which came in the form of statement of fact, has been held not to be error where the cross-examination showed the answer was nothing more than the witness' opinion, which he was qualified to express. Thaggard v. Vafes, 218 Ala. 609–610, 119 So. 647.

Appellant next argues as error, the overruling of his motion to exclude all of the testimony of the State's witness, Dr. Wiley—the ground for such motion being that deceased was the first person the expert had examined who had died as a result of a knife wound. Dr. Wiley testified, however, that he had, within the last three and a half years examined approximately two persons a day—persons suffering from wounds inflicted by sharp instruments, that he was duly licensed to practice medicine in Alabama. Since the question as to whether or not a witness is shown to possess the requisite qualifications is a preliminary question, and is largely within the discretion of the trial court, we entertain the view that no error intervened in the trial court's refusal to exclude the testimony of Dr. Wiley. Phillips v. State, 248 Ala. 510, 28 So.2d 542; Snead v. State, 251 Ala. 624, 38 So.2d 576. See also Wilson v. State, 243 Ala. 1, 8 So.2d 422 (witness, graduate of an accredited school of medicine, engaged as interne but without license to practice medicine, permitted to give opinion as to cause of deceased's death).

Dr. Wiley testified on cross-examination that had deceased received prompt treatment, after the wound was inflicted, deceased, in his opinion, would have lived. On redirect the State propounded this question: "If he hadn't gotten cut, he would have lived, wouldn't he Doctor?" The witness replied: "Yes Sir." This question, of course, was trivial and should not have been indulged in, but the incident worked no prejudice to the defendant. Later evidence was adduced to the effect that the decedent, immediately prior to the time he

was killed, was in good physical shape. So upon this, and other testimony of the Doctor, error, if any, in permitting this testimony was harmless. Ala.Code 1940, Sup. Ct.Rule 45, Code 1940, Tit. 7 Appendix; Kabase v. State, 244 Ala. 182, 12 So.2d 766. (See, also, Rowe v. State, 243 Ala. 618, 11 So.2d 749, where toxicologist was permitted to answer question as to whether a person stricken with blows on the head, with hands tied, would survive after being thrown from the bridge into the river.)

■ It is also argued that this court should pronounce reversible error in the action of the trial court in permitting State's witness, Emogene Kimball, to relate in narrative form the events she witnessed immediately before and at the time of the difficulty, in which the deceased was mortally wounded. The court had a discretion in allowing this manner of testimony, and we see no abuse of that discretion. In the matter instantly considered, he did admonish the defendant's counsel not to interrupt the witness, but no objection was taken to this action or any exception reserved with respect thereto. There is, hence, nothing to invite our review. In passing, however, we will observe that objection to a question must be made as soon as a question is stated, unless its inadmissibility is due not to the subject of the quetion but something contained in the answer. See Coppin v. State, 123 Ala. 58, 26 So. 333; Royal Ins. Co. v. Story, 34 Ala.App. 363, 40 So.2d 719. Where the question does not manifestly call for incompetent testimony but the answer itself discloses the incompetency, the remedy is by a motion to exclude. Bradford v. Birmingham Electric Co., 227 Ala. 285, 149 So. 729; McDonald v. Wood, 118 Ala. 589, 24 So. 86. And the party against whom the evidence is offered may move to exclude on grounds going to the legality thereof. Whiddon v. Malone, 220 Ala. 220, 124 So. 516. But as stated no reviewable point appears with regard to the testimony of said witness.

■ The insistence is made that error prevailed in permitting the State to prove that the defendant returned to the dance hall an hour after the difficulty and "was dancing." The defendant argues since this episode was no part of the res gestae it should not have been allowed. Such evidence was admissible under the long-established rule of this jurisdiction that: "The acts, declarations, and demeanor of an accused, before or after the offense, whether a part of the res gestae or not, are admissible against him, but unless a part of the res gestae are not admissible for him." Jones v. State, 181 Ala. 63, 78, 61 So. 434, 439; Maddox v. State, 159 Ala. 53, 56, 48 So. 689, 694; Holmes v. State, 29 Ala.App. 594(6), 199 So. 736; Thomas v. State, 18 Ala.App. 268 (6), 90 So. 878; 4 Underhill's Evidence, p. 1137, Section 570. Such proof was of probative value as bearing on the defendant's attitude toward the offense just committed by him. The authorities relied on by appellant but illustrate the application of the foregoing rule and in no way militate against our conclusion.

Moreover, another principle could be invoked to rescue the ruling from error, if any, with respect to the foregoing matter. The form of this question was "What did you see him (defendant) do back in the Dance Hall, Mrs. Johnson?" The question did not manifestly call for incompetent testimony. Dillard v. State, 27 Ala.App. 50, 165 So. 783, 785 (conduct at or near the scene admissible as part of res gestae). The defendant's remedy in such a situation was by motion to exclude the witness' answer, which was not made.

On like reasoning, appellant can take nothing by similar questions propounded to other witnesses.

■ The appellant also argues as error the failure of the trial court to exclude, upon motion, certain testimony given by Manley Brown, father of the deceased. The witness answered the question propounded by the State "How long had he (the deceased) lived there (in the home of his family)?" in the following manner: "All of his life except what time he was in the Army." The appellant's motion to exclude the answer was overruled. He argues in brief, citing the case of Crisp v. State, 21 Ala.App. 449, 109 So. 282, that admission of evidence that deceased was in the Army was error. But the motion to

exclude the answer was not limited to the objectionable part and of consequence, error cannot be predicated on the action of the trial court in overruling the motion to exclude the whole answer, the remainder being competent. Miller v. Whittington, 202 Ala. 406(21), 80 So. 499; Louisville & N. R. R. Co. v. Williams, 183 Ala. 138(3), 62 So. 679.

Appellant argues in assignment numbered twenty-five error in sustaining State's objection to a question propounded by the appellant "that was (scene of the difficulty) a pretty rough place, wasn't it?" The witness answered "No Sir" before the trial court ruled on the admissibility of this evidence. Without deciding the propriety of the ruling it manifestly was in no wise prejudicial to the defendant.

In several assignments of error the appellant complains of the action of the trial court in permitting the State to show a written statement to the State's witness and asking the witness if that was her handwriting, if she had signed it in the Solicitor's office and if she didn't say that James Willingham struck at the Brown boy. As to the latter question, the appellant objected and made a motion for a mistrial. The court in one ruling overruled same. The appellant argues that the State was attempting to impeach its own witness. In Louisville & N. R. R. Co. v. Hurt, 101 Ala. 34, 13 So. 130, the court permitted the plaintiff to ask his own witness if he had not testified on a former trial in a certain manner. It was there held that it is a matter wholly within the discretion of the court to permit a party to refresh the memory of a witness. The court pointed out that was frequently and properly done by showing the witness a memorandum, and by calling the attention of the witness to a particular statement. The same situation obtains here and we find no reversible error in this action of the trial court.

Assignments of error 28 to 36, inclusive, relate to various rulings of the trial court during the examination of State's witness Lockhart, where the State was endeavoring to show that about sixty seconds before the defendant cut the deceased the defendant's brother hit the witness in the mouth. This incident was a part of the general melée, and was so interwoven with it as to form a part of the res gestae of the fatal affray. However, the court's various rulings were largely favorable to the defendant where he excluded the evidence by such rulings as: "If this man (Lockhart) had a difficulty with somebody else before that, it wouldn't be admissible. You have to tie it all in before it is admissible." "You have got to tie it in with the defendant first." "You have to show it was continuous. You have to tie it all together."

It is also argued under some of the foregoing assignments of error that the court erred in refusing to permit the defendant to show by cross-examination of the witness Lockhart, that later that evening he was arrested for being intoxicated. Such evidence was clearly inadmissible, as it was no part of the res gestae. The court did permit the defense to show the witness' condition, with respect to intoxication, while at the dance hall where the difficulty occurred. This was all the defendant was entitled to show and we find no error in the rulings with respect to this witness' testimony.

Attack is leveled at certain rulings of the trial court during the cross-examination of several of the defense witnesses where the State sought to prove that after the cutting there was a considerable amount of blood on the dance hall floor to which the defendant had returned and "was dancing." Several rules of evidence substantiate the correctness of the court's rulings in allowing such proof. (1) It is always permissible for witnesses to describe the *locus in quo* of the alleged crime. (2) The evidence was admissible by way of impeachment of the defendant by reason of his claim that he did not know he had seriously wounded the deceased by the proof that there was much blood on the dance hall floor where he had fatally wounded the deceased. (3) The witnesses thus cross-examined were defense witnesses and under the wide latitude rule in such cases, it was within the wise judicial discretion to

permit it to test the bias, recollection, knowledge, etc. of the witnesses.

Other contentions for error with respect to the State's cross-examination of the various defense witnesses is ruled by some one or more of the above principles and will not be accorded separate treatment.

The remaining questions relate to rulings of the trial court during argument of counsel to the jury.

The court sustained the State's objection and excluded the argument of defense counsel that "they haven't heard Mr. Bennie Robbins testify yet." This comment about the failure of a witness to testify in the case was improper in the absence of any showing that the witness was related to the deceased, or that he was otherwise inaccessible to the defendant. Jarrell v. State, 251 Ala. 50, 36 So.2d 336; Waller v. State, 242 Ala. 1, 4 So.2d 911; Barnes v. State, 31 Ala.App. 187, 14 So.2d 242, 246. For aught appearing the witness was equally available to both parties, as the trial court thought. We do not think that the rule of inaccessibility so as to permit reference to this absent witness would obtain here merely because the witness had had an altercation with the defendant's brother, and had appeared as a witness before the Grand Jury.

Objection was also sustained to the argument of counsel for defense that "they (State) put this boy, Jack Lockhart, up here, and it was obvious he was intoxicated *because he was* arrested." The ruling was correct since the fact that Lockhart had been arrested had theretofore been properly ruled out of the case.

Finally it is insisted that a reversal is due because of the following argument of the solicitor as tending to comment on the accused's failure to testify: "Mr. Ryan deGraffenreid said all the witnesses had been put before you that could be had. Well, I challenge that statement, has all the evidence been put before you that could have been had? I put on all the evidence I had, but has all the evidence been put on before you?" Without considering the re-

taliatory feature of the remark by way of answering the argument of defense counsel, the error, if any, was eradicated when the trial court sustained the defendant's objection to the argument, and on the request of the defendant instructed the jury that the argument was excluded from their consideration. Davis v. State, 259 Ala. 212, 66 So.2d 714.

On a studious consideration of the entire record, we have concluded that no reversible error is made to appear.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.