286 So.2d 308

**Herbert Mose EDWARDS**

v.

**STATE.**

**1 Div. 326.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

Rehearing Denied Oct.. 30, 1973.

David L. Barnett, Mobile, for appellant.

William J. Baxley, Atty. Gen., and E. E. Ball, Sp. Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Defendant appeals from a judgment that adjudged him guilty of murder in the first degree. The victim was a female employee of Century Finance Company of Mobile, Alabama. The jury fixed defendant's punishment at life imprisonment.

The homicide occurred about 4:00 P.M. on December 30, 1971. The evidence is positive and undisputed that the assailant entered the office of Century Finance Company, while the manager, a male, was in conference with a female customer, demanded money which the manager, who had temporarily suspended his conference, instructed the female employee, Mrs. Dorothy Mae Davis, to give him. After receiving the money, the assailant directed the fire of his brandished pistol at both Mrs. Davis and the manager after which the assailant fled. Mrs. Davis was almost instantly killed by the pistol fire, while the manager was seriously wounded. After critical confinement in the hospital he recovered from his wounds, and at the trial he identified the appellant as the assailant who killed Mrs. Davis and wounded him.

The police arrived soon after assailant fled, and he was no where to be found at that time. The officers proceeded with the prolonged investigation which began at the Finance office by attempting to lift fingerprints which would lead to the apprehension and identification of the guilty party. The investigation, conducted mainly by the homicide squad, covered a wide range of leads that finally terminated in the arrest of appellant and his conviction.

The defendant was financially impoverished to the extent that he could not employ an attorney or attorneys to represent him. The trial court appointed two local attorneys, both fully competent in legal training and experience, to represent the defendant who was duly arraigned in the presence of his lawyers and pled not guilty to the indictment which contained two counts that charged him with murdering Mrs. Davis under such circumstances as to constitute murder in the first degree.

The record here filed contains various motions, voir dire examination of witnesses out of the presence of the jury, evidence, rulings and oral and written instructions as to the law as determined by the trial judge, who indeed manifested much patience and prudence during the trial. The record contains 480 pages, each of which we have carefully read in compliance with our duty to search the record for all prejudicial errors on part of the trial court.

We commend the trial judge for his apparent desire to pass on each contention of the counsel for defendant. Some of the motions, and voir dire examinations, were probably unnecessary, but were the product of a sincere desire of defendant's counsel to see that no leaf was left unturned in presenting their defense, although causing wear and tear at times on the judicial patience of the judge. The product of this wear and tear was manifested by an occasional judicial reprimand, well-timed out of the presence of the jury.

We now address this opinion seriatim to appellant's argued propositions of law which we think deserve the observations of this court.

■ The first contention is that the court erred in allowing the state to impeach its own witness by use of a prior inconsistent statement.

It appears that the state put up one Deborah Franks, who, to the dismay and surprise of the prosecution, refused to testify conforming to a prior written statement given some police officers and possessed by the prosecution. The testimony was contrary to this statement. The statement under oath implicated the defendant as the guilty party and contained an alleged statement of defendant to the witness

that he committed the robbery and killed Mrs. Davis.

On examination before the jury, the witness admitted signing the statement but contended that the contents were untrue.

We think the trial court in permitting the examination of the witness and in reading to her therefrom before the jury, without introducing it into evidence, correctly followed the pronouncement of the Supreme Court of Alabama in Willingham v. State, 261 Ala. 454, 74 So.2d 241(14) from which we quote:

"In several assignments of error the appellant complains of the action of the trial court in permitting the State to show a written statement to the State's witness and asking the witness if that was her handwriting, if she had signed it in the Solicitor's office and if she didn't say that James Willingham struck at the Brown boy. As to the latter question, the appellant objected and made a motion for a mistrial. The court in one ruling overruled same. The appellant argues that the State was attempting to impeach its own witness. In Louisville & N. R. R. Co. v. Hurt, 101 Ala. 34, 13 So. 130, the court permitted the plaintiff to ask his own witness if he had not testified on a former trial in a certain manner. It was there held that it is a matter wholly within the discretion of the court to permit a party to refresh the memory of a witness. The court pointed out that was frequently and properly done by showing the witness a memorandum, and by calling the attention of the witness to a particular statement. The same situation obtains here and we find no reversible error in this action of the trial court."

We conclude that the trial court did not commit error in allowing the examination of the witness and in confronting her with the text of the statement. The trial court followed the pronouncement in Willingham v. State, supra.

■ Appellant's Proposition II asserts that the trial court erred in refusing to advise Deborah Franks, who was called by the state as a witness, that she did not have to testify against the defendant, alleged to be her common law husband and the father of a child which she was bearing at the time she appeared on the witness stand.

In response to a question propounded by the court, Deborah Franks testified that she had never been married to the defendant. Thereupon, counsel for the defendant stated to the trial court in the presence of the witness:

"MR. CLAY: Well, I understood that you told her previously that she didn't have to testify if she didn't want to.

"THE COURT: I told her that she was not required to swear to a falsehood; that's what I told her. I told her that she was not required to do something that would subject her to punishment. Now, the punishment I meant was for telling a falsehood under oath. Now, have you ever been married to this man?

"WITNESS: No.

"THE COURT: You have not; very well. The Court—

"MR. CLAY: I think it goes beyond that though. I think she might well be carrying his child, right now. I think they've lived together. In the State of Alabama she could be his common law wife."

After further examination of the witness as to her relationship with the defendant, the trial court observed out of the presence of the jury:

"THE COURT: I'm going to rule that on her sworn testimony that she made before this ingenuous thought was advanced, that on her sworn testimony under oath she referred to herself as

Franks; she never once gave this Court any indication that she was claiming any marital immunity. The Court rules as a matter of law that she has not established any marital relationship, and that she cannot claim that exemption. I'm going to bring the jury in and proceed under the case of Willingham vs. State, 261 Ala. 454 [74 So.2d 241]."

We are unwilling to disturb the trial court's ruling.

■ Appellant contends in Proposition III that the trial court erred in allowing the District Attorney to prosecute a former client when he has gained and used evidence against the defendant and promised rewards to him which resulted in his being arrested.

This court takes judicial knowledge that the District Attorney, Mr. Butler, was elected to his office on November 3, 1970; that a vacancy in the office occurred; that Mr. Butler took office to fill the vacancy on December 16, 1970. The record shows that the homicide for which appellant was convicted occurred on December 30, 1971—more than a year after Mr. Butler became District Attorney.

The theme of appellant's contention is that prior to having taken office Mr. Butler was serving as Public Defender in Mobile County and had represented the defendant in a criminal charge. We do not think that the record supports appellant's contention that the District Attorney or any member of his staff subjected himself to recusal in prosecuting the defendant. There was no ethics violated. The District Attorney testified that he informed the defendant before talking to him that he was the District Attorney and no longer a Public Defender. We do not think there was any betrayal of confidence. The defendant, according to the testimony adduced, was fully informed beforehand that Mr. Butler would have to prosecute him. We think it could be determined from the testimony of Mr. Butler and others that

the defendant importuned a talk with Mr. Butler and that Mr. Butler in responding thereto did have a conversation with him in which at no time did the defendant admit committing the crime.

The refusal of the trial court to require the District Attorney and his staff to recuse themselves from the prosecution was free of error.

■ Appellant asserts under Proposition IV that the court erred in denying a mistrial because the District Attorney and police department withheld favorable evidence ordered to be produced by the court pursuant to written and oral motions made by the defendant before and during the trial.

Specific reference is made to fingerprint evidence and reports related thereto that were favorable to the defendant. Much of the fingerprint evidence was smeared and unidentifiable, and not one print was identified as that of the defendant. The police department was unable to relate the prints to any person and none was used as evidence.

The fact that the defendant might have used some of the prints in an effort to find some unspecified and unknown person who committed the homicide is too remote and uncertain to justify the court in granting a mistrial. The police department with all of its facilities and records was unable to relate the prints to a suspected person. The defendant failed to show that he could have done any better. The expense to the defendant, an indigent, to conduct a wide and extensive search for some unknown and unsuspected person who committed the crime would have been prohibitive. The denial of the motion for a mistrial for failure of the state and police department to turn over the smeared and unidentifiable prints was not error.

In Proposition V, appellant takes the position as he did in the preceding proposition that he was entitled to a continuance because of the failure to turn over the

smeared and unidentifiable fingerprints and the reports relating thereto. For the same reason as we held in addressing Proposition IV, we hold there was no error.

■ Proposition VI asserts error in the refusal of the trial court to grant the defendant a change of venue.

The defendant presented three witnesses who testified favorably for the motion. There were no newspaper articles or items published by other news media introduced. The trial court delayed ruling on the motion until after the jurors who were drawn and appeared for selection to sit on the trial panel were qualified. These jurors were taken in panels of twelve, carefully examined by the trial court, the District Attorney and counsel for the defendant as to their qualification, knowledge of the crime and what they had heard or read. With few exceptions, all the jurors professed to be free of prejudice in the case, were not influenced or biased by what they had read or heard, and otherwise were qualified to sit in judgment on defendant's guilt or innocence. The exceptions, few in number, were challenged.

The trial judge, a very capable jurist and exceptionally fair as manifested in this case, was a resident of Mobile County and was in a position to evaluate the conditions and sentiment in his own county. Donald v. Matheny, 276 Ala. 52, 158 So.2d 909(14).

Under the circumstances, a change of venue was unnecessary. The trial was had before a competent jury who, according to their examination, were free of any prejudice created by news media or otherwise. We think the trial court acted with sound judgment in denying the motion for a change of venue.

Appellant contends under Proposition VII that it was error for the trial court to allow the jury to determine the voluntariness of inculpatory statements made by the defendant.

It is contended in argument of the defendant's counsel in support of the foregoing proposition that the trial court erred in allowing the jury to pass on the voluntariness of the statements given by the defendant to the District Attorney and the police officers.

At the end of voir dire hearing, the defendant moved to exclude all the statements made by the defendant. Counsel further contends, as the same appears at the end of the legal arguments which were made on said motion, that the court declined to rule on the voluntariness of defendant's statements and passed this duty over for the jury's consideration.

The trial court did rule on the motion to exclude, which was the only motion before the court at that time. We quote the last paragraph on page 364 of the transcript:

"THE COURT: Well, I've heard from both of you; I've got to make a decision—and the testimony is in hopeless conflict. I am therefore going to let the jury pass on the circumstances surrounding these statements. I deny your motion to exclude. Bring the jury in at 11:45."

■ It was proper procedure for the jury to pass on the conflict in testimony as to whether the alleged confessions or inculpatory statements were voluntary. Questions whether the confession was voluntary and therefore admissible, or involuntary and therefore inadmissible, are for the trial judge, and weight and credit to be given to confession are for the jury. Green v. State, 34 Ala.App. 66, 36 So.2d 601; Burchfield v. State, 23 Ala.App. 231, 123 So. 281.

The trial court as appears on page 469 of the transcript charged the jury on their responsibility to determine the weight of the evidence relating to the alleged statements.

The defendant excepted to the oral charge in failing to state the criteria for voluntariness.

The trial court thereupon offered to give the defendant's counsel time and opportunity to prepare and submit written explanatory charges. Defendant's counsel declined to do this.

We think the court was very considerate in offering to give the defendant's counsel time and opportunity to prepare explanatory charges. The declination of defendant's counsel is not supported by the pronouncements of this court, infra.

■ If portions of the oral charge were not as clear as they might have been, defendant should have requested explanatory charges. Knight v. State, 22 Ala.App. 557, 117 So. 804. When the trial court's oral charge to the jury is not as full and instructive as defendant's counsel desires, his remedy is to request written charges elucidating and explaining defendant's theory of the case. Smith v. State, 262 Ala. 584, 80 So.2d 307; Patton v. State, 39 Ala.App. 308, 98 So.2d 621.

■ The defendant cannot now complain that the trial court's oral charge in a certain area was omissive and incomplete.

We again commend the trial court on its painstaking efforts to give the defendant every opportunity to present his defense and its utmost fairness to both sides. We think he exercised the patience of Job in consummating this assurance. The defendant in our judgment got a hearing on every asserted defense and according to our search the trial court did not commit any prejudicial error.

It is ordered that the judgment from which this appeal emanates should be and is hereby affirmed.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.