BOWEN W. SIMMONS, Retired Circuit Judge.
A jury convicted appellant-defendant as charged in an indictment (1) for grand larceny of some motor equipment suitable for a boat and (2) of receiving and concealing the equipment, knowing it had been stolen. The trial judge imposed imprisonment for three years.
The trial court, after some evidence on the merits had been taken before the jury, held an in camera hearing at which time evidence was taken on the voluntariness of a written confession by defendant which, during the in camera hearing, was offered in evidence.
Defendant thereupon objected on the ground that the confession had not been shown to be voluntary. “THE COURT: Overruled. I think the voluntariness of it should be for the jury.”
Appellant here contends that the trial court committed reversible error by allowing the confession in evidence without first adjudicating that the confession was voluntary.
It appears to us that the ruling of the trial court fails to meet the mandate of Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), from which we quote:
“[2] Furthermore, Georgia’s . highest court, in finding that its rule satisfied the requirements of Jackson, overlooked the fact that the same safeguards offered by *2 the Georgia practice were present in the procedures of New York in Jackson and were rejected by this Court. A constitutional rule was laid down in that case that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given. The rule allows the jury, if it so chooses, to give absolutely no weight to the confession in determining the guilt or innocence of the defendant but it is not for the jury to make the primary determination of voluntariness. Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. Here there has been absolutely no ruling on that issue and it is therefore impossible to know whether the judge thought the confession voluntary or if the jury considered it as such in its determination of guilt. Jackson, having been decided June 22,1964, was binding on the courts of Georgia in this case, it having been tried October 7, 1964. Such rule is, as we have said, a constitutional rule binding upon the States and, under the Supremacy Clause of Article VI of the Constitution, it must be obeyed.”
It is not “unmistakably” clear that the trial court made a judicial determination on the issue of voluntariness. It could reasonably be inferred that he left that issue for the jury to decide.
But such issue is a preliminary question for the court and not the jury. It is true that the weight and credibility of the confession, taking into consideration the circumstances surrounding its elicitation, is for the jury after the court has first determined its voluntariness. If the trial court adjudicates the confession to be involuntary, it is inadmissible. Edwards v. State, 51 Ala.App. 433 (pp. 6, 7), 286 So.2d 308, cert. den. 291 Ala. 777, 286 So.2d 313; Dyer v. State, 241 Ala. 679, 4 So.2d 311 (7, 9). Otherwise, it is admissible.
Because the trial court failed to determine with adequate clarity the voluntar-iness vel non of the confession, does not necessitate or require a reversal of the judgment of guilt, but only at this juncture a remand of the cause. We follow the pronouncement in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964) from which we quote:
“It is New York, therefore, not the federal habeas corpus court, which should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled — an adequate evidentia-ry hearing productive of reliable results concerning the voluntariness of his confession. It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence, Jackson’s position before the District Court, and here, is that the issue of his confession should not have been decided by the convicting jury but should have been determined in a proceeding separate and apart from the body trying guilt or innocence. So far we agree and hold that he is now entitled to such a hearing in the state court. But if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson’s confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. True, the jury in the first trial was permitted to deal with the issue of voluntariness and we do not know whether the conviction rested upon the confession; but if it did, there is no constitutional prejudice to Jackson from the New York procedure if the confession is now properly found to be voluntary and therefore admissible. If the jury relied upon it, it was entitled to do so. Of course, if the state court, at an evidentia-ry hearing, redetermines the facts and decides that Jackson’s confession was involuntary, there must be a new trial on guilt or innocence without the confes *3 sion’s being admitted in evidence.” [Footnote omitted].
The trial court will proceed at a reasonable time after this remand to afford appellant-defendant a hearing that is consistent with due process on the issue solely as to the voluntariness vel non of the confession. This shall be before the court and not before the jury.
The trial court will accordingly supplement the record now on file in this court with a record of the proceedings and its judgment as ordered, supra. We will then adjudicate an affirmance or reversal of the judgment of guilt as the facts mandate.
The cause is remanded.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Retired Circuit Judge, serving as a judge of this Court, under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.