SIMMONS, Retired Circuit Judge.
Appellant, in forma pauperis here and below, was indicted separately for robbery and rape. Both indictments were tried jointly by consent on a plea of not guilty. During the progress of the trial, he made known to the court that he wanted to withdraw the two pleas of not guilty and enter pleas of guilty in both cases.
The trial court did not immediately accept the pleas of guilty, but held a colloquy with defendant whereby the court fully and adequately informed him about his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. This was done in both cases. The colloquy covers eight pages of transcript paper (Tr. 97-105).
Thereupon, the court vacated his pleas of not guilty and accepted the pleas of guilt followed by an appropriate judgment. Sentence in each case was deferred for several days to give the probation officer time to investigate and make a report.
When this deferment was up, the court sentenced him to ten years imprisonment in each case (the minimum sentence) and denied probation. The sentences were concurrent. These joint appeals followed.
Appellant contends he was led to believe that he would be put on probation if he pled guilty. Counsel alludes to the following question and answer:
“THE COURT: Has anybody told you the type or length of sentence you would receive if you do plead guilty?
“MR. GUTIERREZ: Beg your pardon?”
Contention is made that defendant was unsure how to answer a question “which dealt with the results of his plea bargaining”.
But counsel omits in their brief the following question and answer on the same transcript page:
*1075 “THE COURT: Has anyone told you anything about the type or length of sentence that you would receive if you do plead guilty?
“MR. GUTIERREZ: No, sir.”
So, we fail to find in the record that anyone misinformed or misled appellant about the sentence he would receive or probation. We are bound by the record here on file.
It appears, to us that appellant tendered his pleas of guilt with his eyes wide open and that the court became satisfied by the interrogation that his Boykin rights were not violated. The defendant entered the pleas fully informed as to his rights.
The pleas were addressed to a formal charge of rape and robbery contained in the indictment for which he was arraigned.
Counsel for appellant asserts several errors were committed by the trial court during the trial before it was halted by the pleas of guilt. We pretermit discussing these assertions because the voluntary guilty pleas concluded the issue of guilt and did not and is not rendered ineffective by irregularities in the prior proceedings. Monroe v. State, 50 Ala.App. 302(6), 278 So.2d 751(6).
We hold that the record does not disclose any fault by the trial court in accepting the pleas and halting the trial. Appellant was represented by able counsel at nisi prius (different counsel here representing him) and his rights were amply protected. It appears that he had a high school education, although he was of Mexican lineage.
We hold that the judgments of guilt entered by the court on defendant’s pleas of guilt (in both cases) should be and they are affirmed.
However, it appears that lawful punishment by imprisonment in the penitentiary has never been imposed. The trial court fixed the punishment several days after the impaneled jury, before which the cases were being tried at the time the pleas of guilty were made, was discharged.
The trial court’s action in fixing punishment without the intervention of a jury was contrary to Title 15, Section 277, Code 1940, as amended. (See supplement) This section as amended authorized the court to fix the punishment only when a plea of guilty is interposed on arraignment or prior to trial. This fixation was a nullity because in the instant cases the trial had begun. Albright v. State, 50 Ala.App. 480, 280 So.2d 186(1); Headrick v. State, 46 Ala.App. 202, 239 So.2d 572; Spencer v. State, 48 Ala.App. 646, 266 So.2d 902.
It is to be noted that in Albright and Headrick, supra, this court reversed to provide the appellants with relief against unauthorized fixation of punishment by the court that usurped the jury’s prerogative. Such reversals were optional and not exclusive to achieve such relief. An alternative-procedure is to remand. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205.
In Jackson, it appears that the trial court did not provide Jackson an “adequate evi-dentiary hearing productive of reliable results concerning the voluntariness of his confession.” We quote from Jackson, as follows:
“It is New York, therefore, not the federal habeas corpus court, which should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled — an adequate evidentia-ry hearing productive of reliable results concerning the voluntariness of his confession. It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence, Jackson’s position before the District Court, and here, is that the issue of his confession should not have been decided by the convicting jury but should have been determined in a proceeding separate and apart from the body trying guilt or innocence. So far we agree and hold that he is now entitled to such a hearing in the state court. But if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson’s confession was voluntarily giv *1076 en, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. True, the jury in the first trial was permitted to deal with the issue of voluntariness and we do not know whether the conviction rested upon the confession; but if it did, there is no constitutional prejudice to Jackson from the New York procedure if the confession is now properly found to be voluntary and therefore admissible. If the jury relied upon it, it was entitled to do so. Of course, if the state court, at an evidentia-ry hearing, redetermines the facts and decides that Jackson’s confession was involuntary, there must be a new trial on guilt or innocence, without the confession’s being admitted in evidence.” (Footnote omitted) (Emphasis added)
In Bullock v. State, Ala.Cr.App., 346 So.2d 1, where it was necessary for the trial court to make it clear that he had ruled on the voluntariness of an alleged confession, we remanded instead of reversing.
In the instant case, it is not necessary to reverse, although optional, for appellant to obtain relief from the trial court’s unauthorized fixation of punishment.
It is said in § 277, supra, as follows:
“ . . . The court may in all cases in which a plea of guilty is entered cause witnesses to be examined to ascertain the character of the offense . . . ”.
The discharged jury was informed as to the character of the two offenses, and it would have been convenient for the court to have utilized the services of this jury to fix punishment. But the mistake in not so utilizing their services is not so fatal as to require reversal. The same relief, that is, the fixation of punishment by a jury, may be obtained by utilization of the services of another jury. Appellant will not be prejudiced thereby. A remand instead of a reversal will afford full protection of appellant’s rights and is advisable under the circumstances here obtaining.
On remand of these causes, (both cases), the trial court will submit the issues of punishment to a jury at a special or regular session of court, and may permit witnesses to appear and testify as to the character of the two involved offenses, to the end that the jury may intelligently fix the punishment. The court will credit the jury’s sentences with the time, if any, that defendant may have already served.
The judgments of guilt are both affirmed. The causes are remanded with directions.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED; REMANDED FOR PROPER SENTENCING.
TYSON, P. J., dissents.
HARRIS, J., concurs in result.
DeCARLO, BOOKOUT and BOWEN, JJ., concur.