EMBRY, Justice.
This case comes to us by writ of certiorari to the Court of Criminal Appeals, 348 So.2d 1074. The writ was granted to review an allegedly material question of first impression (Rule 39(c)(3), ARAP):
“ * * * whether the appellate court erred in holding that there was no evidence that your Petitioner failed to enter his guilty pleas voluntarily and understandingly.”
Petitioner, Gutierrez, was indicted separately for robbery and rape. He pleaded not guilty to each indictment and by consent the cases were tried jointly on pleas of not guilty. During the course of the trial he withdrew his not guilty pleas and entered guilty pleas. The trial court discharged the trial jury and several days later fixed punishment. Gutierrez, on appeal to the Court of Criminal Appeals, contended that his guilty pleas were the product of improper inducement and of coercion. The Court of Criminal Appeals affirmed on that point. He urges the same point here; we approve the decision of the appeals court on that point and affirm as to it.
That court went on to hold that under Tit. 15, § 277, Code, the trial court could not fix punishment without the intervention of a jury, except on arraignment or before trial, but that remand for sentencing by another jury was an alternative to reversal. We do not reach this issue as it was not raised in the petition before us.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON and BEATTY, JJ., concur.