The grand jury of Jefferson County returned three indictments against appellant. Two of the indictments charged violations of Section 13-1-42, Code of Alabama 1975. This section makes it a felony to assault a law enforcement officer with a deadly instrument while such officer is engaged in the active discharge of his lawful duty or duties. The punishment prescribed for this offense is imprisonment in the penitentiary for not less than two nor more than twenty years. The third indictment charged appellant with possession of marijuana in violation of the Alabama Uniform Controlled Substances Act.
By agreement the three indictments were consolidated for trial. Appellant was represented by court-appointed counsel and at arraignment pleaded not guilty to each indictment. After arraignment appellant retained counsel to represent him at trial and on appeal.
On the marijuana charge the jury found the defendant guilty of possession of marijuana for personal use and the court sentenced him to thirty days hard labor in the Jefferson County Jail. The jury returned two separate verdicts finding the defendant guilty of assaulting Police Officers D.R. Whidby and M.D. Owens with a deadly instrument while these officers were actively engaged in the discharge of their lawful duties. In each case the trial judge sentenced appellant to five years imprisonment in the penitentiary but ordered split sentences with one year to be served in the penitentiary and four years probation. The court further ordered these two sentences run concurrently.
After these three sentences were imposed appellant gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent appellant on appeal. However, new counsel filed briefs on appeal and these cases were consolidated on appeal.
The facts in these cases are relatively simple but the trial was made extremely complicated by many irrelevant, immaterial and wholly extraneous matters which had no bearing on the true issues. Stated another way, many superfluous matters were injected into evidence in an attempt to afford appellant a semblance of a defense to the assault charges. Appellant did not testify nor did he offer any evidence in justification of the assault charges on the police officers. There was an abortive attempt to try the Birmingham Police Department and to divert the attention of the jury from the true issues presented by the assault charges.
The sufficiency of the evidence is not presented for review. There was no motion to exclude the State's evidence; there was no motion for a new trial; there was no request for the affirmative charge; and no exceptions were reserved to the oral charge of the court to the jury.
On December 11, 1976, appellant went to the home of his ex-girl friend, Burnella Jones, who lived at 17 Village Court West, in Birmingham, Alabama. They had a discussion in which appellant asked her to come outside and she refused, saying she had company. Appellant left and returned in a few minutes and knocked on the door. Ms. Jones told him to leave and he left. A few minutes later he returned for the third time and they went through the same scenario. On this third occasion Andre Joneson went to the door with Ms. Jones and got into an argument with appellant after which he called the Police Department. Ms. Jones had broken off her relationship with appellant and had started going with Mr. Joneson. Appellant did not like Ms. Jones' new boyfriend and had so informed her. *Page 1090 
Ms. Jones testified that on appellant's third visit to her home she did not know if he had a gun. The prosecutor claimed surprise as Ms. Jones had testified on two previous court appearances she had stated appellant was in possession of a pistol. The court permitted the prosecutor to ask the witness leading questions to refresh her recollection. At this point the court allowed defense counsel to interrogate Ms. Jones.
The defense attorney asked Ms. Jones how long she had gone with appellant and she replied she had gone with him about two years. Counsel asked her during her relationship with appellant if she was aware that he was president of some organization and she stated that appellant was president of a committee for the Prison Support, "or something like that, and that it was in Birmingham." Counsel then asked her if she had knowledge that appellant had many encounters with the Birmingham Police Department and she replied, "Yes, sir."
On redirect examination the prosecutor asked Ms. Jones if she had any pamphlets or leaflets thrown at the door of her house since December 16, 1976, and she responded affirmatively. The State showed her a pamphlet, marked State's Exhibit 1, and asked her if she recognized it and she said, "I got one in our door." She was then asked if she had gotten any letters in the mail from appellant and she replied, "Yes." She was shown State's Exhibit 2 and identified it as a letter and envelope addressed to her at No. 17 Village Court West and it looked like the handwriting of Richard Lake (appellant) and the return address was to "Richard Lake." It was shown to be a Xerox copy and the prosecutor stated the original was in the Clerk's Office. Counsel objected to it being admitted into evidence and the court sustained the objection.
On redirect examination the prosecutor asked Ms. Jones if she recalled testifying in another case where appellant was convicted of assault and battery when he came to her house. Counsel for appellant objected and moved for a mistrial. The court sustained the objection and emphatically charged the jury to disregard that question. The error, if any, was cured by the charge of the court. Counsel for appellant renewed his motion but there was no ruling on that motion by the court.
When appellant was arrested on December 16, 1976, the officers found marijuana seed in the jacket pocket of appellant. These seeds were put in an envelope and sealed. The envelope was personally delivered to Mr. Arthur Craig Bailey of the Alabama Department of Toxicology and Criminal Investigation. His qualifications were admitted by appellant's counsel. Mr. Bailey then testified that he received the sealed envelope on December 21, 1976, and he opened the envelope and found 1.2 grams of seed. He examined the seed microscopically and he planted some of the seeds and examined the plants as they sprouted. He identified the plants as marijuana.
Jaynice Hicks testified that, on December 16, 1976, she was at the apartment of Burnella Jones when appellant came to her house three times. When appellant left the third time she saw him with a pistol in his hand.
Police Officer Oscar G. Sorrell was employed by the City of Irondale at the time of appellant's trial. From 1971 to 1977 he had been employed by the Birmingham Police Department. He was on patrol duty on December 16, 1976, and around noon on that date he received a call on his radio to go to 17 Village Court West. The call he received was signal 66 which meant there was a man with a gun. When he arrived at this address he had a conversation with Burnella Jones in which she mentioned the name of Richard Lake, Jr., and gave the officer a description of appellant and told him what had occurred at her home. Police Officers Dennis Ray Whidby and Michael Owens arrived in separate cars and Officer Sorrell gave them a description of appellant. The three officers started looking for appellant. Officer Sorrell rode in the vicinity of First Street North and Fourth Terrace where he saw appellant struggling with the two officers. Officer Sorrell made an in-court identification of appellant as *Page 1091 
the individual who was struggling with the other two officers. He saw Officer Owens with a pistol and identified State's Exhibit 5 as the pistol. He further stated that during the struggle with Officers Whidby and Owens appellant was using profanity. Officer Sorrell was asked to repeat the words used by appellant and stated, "Well, I had rather not say using the profanity." The court directed the officer to relate the words spoken by appellant and said:
 "Well, you MF's, you are not going to do this to me, you are not going to arrest me. He was saying, `Don't let these MF's do this to me, don't let these MF's arrest me. Get me away from them,' something to that effect. I know the curse words, I recall those. And he was more or less inciting a rescue, trying to encourage these citizens in the community to . . ."
Officer Sorrell further testified that Ms. Jones told him the name of appellant before he was arrested. After being arrested appellant was taken to City Hall where Officer Owens removed a package of marijuana seeds from appellant's coat pocket and gave the package to Officer Sorrell who put the package in a narcotics envelope, sealed the envelope, put his initials on it and placed the envelope in a narcotics locker. The officer identified State's Exhibit 4 as the envelope and it was admitted into evidence over appellant's objection. Immediately thereafter the court reversed himself and sustained the objection to the admission of the envelope. It should be noted here that the envelope containing marijuana seeds had previously been introduced into evidence through the testimony of the Toxicologist Arthur Craig Bailey.
Police Officers Dennis Ray Whidby and Michael Owens were the arresting officers. They were in separate patrol cars and received a message on their car radios which they stated was "Signal 66", meaning a man with a gun. The address was 17 Village Court. When they arrived at this address they observed Officer Sorrell talking to Ms. Burnella Jones. Sorrell gave Officers Whidby and Owens a description of the suspect and they started looking for him in the neighborhood. Whidby saw a black male in a 1973 Chevrolet Nova with a green vinyl top over green. He was dressed in a white coat and light colored pants. The car was parked close to the curb on Fourth Avenue North about two blocks from Ms. Jones' apartment. Whidby made an in-court identification of this man as the appellant, Richard Lake. He saw appellant get out of the parked car and start walking away from this car. Upon being confronted by Officer Whidby appellant pulled a pistol from under his coat and pointed it directly at the officer. The officer pulled his revolver and appellant turned and ran. The officer pursued the fleeing man north from Fourth Avenue. At this point Officer Owens saw the fleeing suspect running down the street with a nickel-plated pistol in his hand. He lost sight of the man but both officers found him under a house after an unidentified woman pointed in the direction of appellant's travel. Both officers looked under the house and saw appellant roll out from behind a column and point his pistol at Officer Owens. Appellant was ordered to drop his gun and come out and he complied with the command of the officers. When he emerged from underneath the house he engaged in a fight with both officers. The officers subdued appellant, handcuffed him and put him in a patrol car. Officer Owens then went under the house and got the pistol. It was fully loaded and was subsequently introduced into evidence as State's Exhibit 5, after Officer Owens stated he put his initials "M.O." on the weapon. The gun was unloaded and the bullets were introduced into evidence without objection. During the testimony of Officer Owens the packet of marijuana was identified and introduced into evidence as State's Exhibit 3. The proper predicate was laid by the testimony of Officer Owens that he put the packet in an envelope, taped it, sealed it and put it in the evidence locker, and that it was in the same condition when it was delivered to the office of the Toxicologist as it was when placed in the locker. *Page 1092 
Appellant was still fighting Officer Whidby as he was being escorted upstairs at the City Jail and he kicked a plate glass window out.
In an effort to becloud the issues in this case appellant called Dr. Richard Arrington, now the Mayor of Birmingham, who was a member of the City Council at the time of the incident in this case, to prove that appellant had made numerous complaints to him concerning the activities of the Birmingham Police Department. His testimony did not serve to prove or disprove the charges against appellant for assaulting the law enforcement officers who were lawfully engaged in the active performance of their duties.
The same may be said concerning the testimony of the Chief of Police, James Parsons, and the former Mayor, Honorable David Vann.
After the jury returned the three guilty verdicts the trial court deferred sentencing pending the filing of a pre-sentence report. When the pre-sentence report was filed it revealed that appellant had previously been convicted of robbery, assault with intent to rob, and numerous misdemeanors. Robbery and assault with intent to rob are crimes involving moral turpitude.
The jury was composed of ten white persons and two black people and they experienced some difficulty in reaching a verdict. They asked the court to re-define "reasonable doubt" and the jury was so charged. The jury reported they were deadlocked and did not think they could reach a verdict. The court then gave the jury the following supplemental charge:
 "All right. You know if you all don't reach a verdict then first I want to remind you that it's costly to the Defendant, to the State, the Court and of course, all parties. If y'all don't reach a verdict it means that in another month or two another jury is going to have to hear substantially the same evidence and be faced with the same problem of reaching a verdict. So, you are as capable of reaching that verdict as any jury. And I want to ask you to continue your deliberations, try to get together, and reach a verdict based upon the evidence in this case."
Appellant contends the trial court was in error in giving the jury the supplemental charge claiming the clear purpose of any supplemental or "Allen charge" to a deadlocked jury is simply to obtain a verdict. No error is committed in supplemental instructions, including the "Allen" or "dynamite" charge, unless it is threatening or coercive in the language used.Jackson v. State, Ala.Cr.App., 375 So.2d 558; Ala.Dig., Criminal Law, Key No. 865 (1).
The duration of deliberations by the jury is committed to the sound discretion of the trial court and the exercise of that discretion will not be disturbed on appeal except for clear abuse. Hammons v. State, Ala.Cr.App., 371 So.2d 986.
We hold the supplemental charge was not threatening or coercive in any sense of the word.
Appellant also complains the trial court erred in permitting the State to impeach its own witness by the use of prior inconsistent testimony. Ms. Burnella Jones testified that appellant came to her apartment three times in a matter of minutes and that at no time did she see him with a gun. She had testified at former trials that appellant did have a pistol. The State was taken by surprise and was allowed to refresh the witness' memory by asking her leading questions concerning prior inconsistent statements. This was the proper procedure and has many times been approved by this court and the Supreme Court. Edwards v. State, 51 Ala. App. 433, 286 So.2d 308;Willingham v. State, 261 Ala. 454, 74 So.2d 241; McElroy's Alabama Evidence, Third Edition (Gamble) Section 165.01 (7)(a).
Finally, appellant contends the trial court erred in failing to charge the jury on simple assault on a peace officer under Section 13-1-41, Code 1975. In Lowe v. State, 54 Ala. App. 280,307 So.2d 86, this court held that an assault or assault and battery *Page 1093 
was not a lesser included offense where a deadly weapon, such as a gun or knife, was used. We hold that the court did not err in failing to charge on lesser included offenses under the indictment in this case.
Appellant relies on Sharpe v. State, Ala.Cr.App.,340 So.2d 885. Sharpe is clearly distinguishable in that the court stated that whether an aluminum chair was a deadly weapon was a question of fact for the jury in which event lesser included offenses could be included. But that is not the case here where a pistol was used. As a matter of law a pistol is a deadly weapon.
At the conclusion of the oral charge appellant announced "satisfied" and did not request any written charges. Therefore, nothing is presented for review. Davidson v. State, Ala.Cr.App., 360 So.2d 728, reversed on other grounds.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgments of convictions are, in all things, affirmed.
AFFIRMED.
All the Judges concur.