SAM TAYLOR, Judge.
The appellant in this case was being held without bond in the county jail charged with first degree rape on June 7, 1983, when a writ of arrest to show cause why his probation should not be revoked was served on him. He had been on probation for two counts of assaulting a police officer with a deadly weapon. See 390 So.2d 1088 (Ala.Cr.App.1980). Judge Nice, who was succeeded by Judge Hard, had given appellant a split sentence of one year in the penitentiary and four years’ probation. At *486 a “preliminary revocation hearing,” on June 15, appellant read a copy of the report of the probation officer concerning the new offense and recommending revocation. Judge Hard informed appellant that the alleged rape victim, age nineteen, would be the state’s witness at the final revocation hearing. Counsel was appointed. At the final revocation hearing two days later, the victim’s testimony tended to show that the appellant, who was known to her, had forced her to drive him to his house and then held a knife to her throat while he raped her. The prosecutrix was cross-examined by appellant’s counsel. At the conclusion of the hearing, the court entered a finding of fact in part as follows:
“This the 17th day of June, 1983, being the date to which cause is held for hearing came John Paul DeCarlo, District Attorney, who prosecutes for the State of Alabama, and also comes the defendant in his own proper person and by his attorney, Henry Thompson. The prose-cutrix testified under oath and subject to cross-examination by defendant’s counsel, defendant present, and State represented by H. Davis. The prosecutrix testified that defendant forcibly raped her (knife to her throat). Prosecutrix knows the defendant and no problem with identification. Excellent likihood [sic] that the defendant will be convicted of Rape First Degree, the said defendant is subject to punishment of life without parole because of his prior felony convictions.”
I
Appellant first contends that he received insufficient notice of the probation violation with which he was charged. He cites the due process requirements and guidelines as set out in Armstrong v. State, 55 Ala.App. 37, 312 So.2d 607 (1974), aff'd in part, rev’d in part, 294 Ala. 100, 312 So.2d 620, on remand, 55 Ala.App. 717, 312 So.2d 632 (1975). Armstrong, of course, incorporates the procedural guidelines set out in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
Counsel for appellant moved for a continuance and requested that the revocation hearing be held after the rape trial. The court did not abuse its discretion in deciding not to postpone the revocation hearing until after the trial for the alleged subsequent offense. Neither did the trial court abuse its discretion in holding the revocation hearing two days after the preliminary revocation hearing. The record indicates appellant had actual notice ten days before the final hearing. We note that two hearings, as given appellant in this case, are not required by Armstrong, guideline seven.
II
Appellant also contends the court abused its discretion in failing to issue a written statement as to the evidence relied on and reasons for revoking probation. This contention is based on guideline five as set forth in Armstrong requiring that there be “... a written statement by the judge as to the evidence relied on and reasons for revoking probation.” We find the language quoted in I, above, from the finding of facts, to be a clear and succinct statement of the evidence relied on and the reasons for revoking probation.
Accordingly, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.