(106 So. 52)

### CHANNELL v. STATE. (6 Div. 672.)

(Court of Appeals of Alabama. May 26, 1925. Rehearing Denied June 30, 1925.)

Criminal law ⊜⟿260(13)—Charge stating that prosecution originated in county court and came to circuit court by appeal held not error.

In liquor prosecution, charge wherein court stated that prosecution originated in county court and came into circuit court by appeal *held* not error.

Appeal from Circuit Court, Tuscaloosa County; John McKinley, Judge.

John Channell was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Channell, 213 Ala. 697, 106 So. 52.

William J. Foster, of Tuscaloosa, for appellant.

A case tried in the circuit court on appeal from the county court should be tried de novo, and it is error for the court to charge the jury, or state to the jury, where the case originated. Code 1923, §§ 3843, 3844.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The statement of the court was a statement of the law, and was without error. Hall v. State, 19 Ala. App. 178, 95 So. 904; 4 Michie's Ala. Dig. 324.

SAMFORD, J. In his charge to the jury, the court stated that the prosecution originated in the county court and came to the circuit court by appeal. To this exception was taken. In cases of this character the jurisdiction of the circuit court is acquired by virtue of the statute, and therefore the court was not in error in so charging the jury. Hall's Case, 19 Ala. App. 178, 95 So. 904.

The foregoing is the only insistence of error appearing in brief, but, as required by statute, we have read the record and find no error of a prejudicial nature.

Let the judgment be affirmed.

Affirmed.