(120 So. 304)

## GILBREATH v. STATE. (7 Div. 514.)

Court of Appeals of Alabama. Feb. 5, 1929.

C. A. Wolfes, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. ▮ It was permissible for the solicitor to cure any defect in the original affidavit by filing a statement as is provided in section 3835 of the Code of 1923. A sufficient statement of the facts as shown by the record as a basis for the ruling here made is as follows:

In February, 1928, Mr. Clayton had two horse collars stolen from his shed. About the middle of May of the same year one of these collars was found on a mule then being plowed by defendant. There was other evidence bearing on the case not necessary here to mention. The court charged the jury:

"If you believe that these collars were stolen from Mr. Clayton, and if either was found in the possession of this defendant, then we have a rule of law which can be applied in this case, and that is, if property that has been stolen and if that property is found in the possession of any one, then the burden is upon that person to make to the jury a satisfactory explanation of his possession of the stolen property."

"So in this case, if you believe these collars were stolen and were found in the possession of this defendant, the burden is upon him to make to you an explanation which seems to you a satisfactory explanation of his possession of these collars, and if he fails to make to you a satisfactory explanation then the very fact that one was found in his possession would be sufficient upon which to base a conviction in this case."

▮ Possession of stolen goods by the person accused, even though unexplained and exclusive does not authorize the inference of his guilt, unless it is also recent, or soon after the commission of the offense; and while the word "recent," in this connection, is not capable of exact definition, and always varies within a certain range, with the conditions of each particular case, and while there may be cases in which the court is authorized as matter of law to pronounce the possession recent, yet the question is one of fact for the jury and a charge which ignores it or withdraws it from their consideration is erroneous. White v. State, 72 Ala. 195; Thomas v. State, 109 Ala. 27, 19 So. 403.

Other questions presented will probably not arise on another trial. The judgment is reversed and the cause is remanded.

Reversed and remanded.