(128 So. 358)

## SMITH v. STATE.
### 7 Div. 641.

Court of Appeals of Alabama.
March 4, 1930.

Rehearing Denied March 25, 1930.

Chas. J. Scott and C. A. Wolfes, both of Ft. Payne, for appellant.

BRICKEN, P. J.

This appellant was indicted and convicted, as charged, for the offense of assault with intent to murder, alleged to have been committed by him upon one T. F. Green.

The corpus delicti was proven without dispute, there being no conflict in the evidence to the effect that upon the day in question the alleged injured party, while at work in his field, was fired upon with a gun, from ambush. He was wounded, numerous shots having entered his back, arm, neck, and temple.

The injured party, Green, testified that the shot was fired at him from a distance of thirty-five or forty steps, and from behind a brush pile in the pasture of defendant's father. The field in which the assaulted man was working adjoined this pasture. Green testified: "I did not see anybody for a second or two—I holloed, and saw John Smith, the defendant, he was standing looking at me, and ran off with a gun in his hand. He was right behind a brush pile, and there was nobody with him. He stood there just a second or two and went towards home. I have been knowing him twelve or thirteen years."

Mrs. T. F. Green, the wife, testified: "I was out there when my husband got shot. I saw a pine brush heap, and he, John Smith, (defendant) was behind that and he had a gun in his hand. I was about fifty yards away. When we got down there he run off. The brush pile was a short distance from the fence and he was behind it."

State witness Lizzie Pullen testified substantially as did Mrs. Green. There was other evidence of similar import.

The defendant, however, denied that he was the man who did the shooting, and testified that he was half a mile away when the shot was fired. Several other witnesses corroborated him in this statement. This conflicting testimony presented a jury question, and the trial proceeded throughout without error.

Appellant insists, however, that the court erred in overruling his motion for a new trial; the principal insistence in this connection is based upon the fifth ground of the motion, that of newly discovered evidence. In support thereof, defendant introduced two affidavits which tended to incriminate his own father, John Smith, Sr. The purport of the affidavits was to the effect that the affiants heard a gun fire, and a man holloa in the direction of Tom Green, and in just a few minutes these affiants saw the father of this appellant, John Smith, Sr., coming from that direction with a single barrel shotgun in his hand:

Newly discovered evidence is a legal ground for motion for new trial where such evidence is material for the party applying. But it must be affirmatively shown that such evidence could not, with reasonable diligence, have been discovered and produced at the trial.

A mere statement, in a motion for a new trial, by counsel for the accused, "and which was unknown to him at the time of said trial," will not suffice to meet the required rule. Satisfying proof to that effect must be adduced.

In the instant case no effort appears to have been made by proof of any kind that the so-called newly discovered evidence was unknown to him at the time of the trial, or that it could not be obtained on the original trial.

A motion for a new trial on the grounds that, "the verdict of the jury was contrary to the evidence," will not be granted where it affirmatively appears that the questions involved are for the determination of the jury, unless it is clearly apparent that the verdict is palpably wrong or unjust.

In this case, as stated, the conflict in the evidence on the sole question involved presented a jury question. We are of the opinion that this evidence was ample to justify the jury's verdict and to support, and sustain, the judgment of conviction pronounced and entered. The motion for a new trial was properly overruled.

Affirmed.