80 So.2d 307

### Lenward SMITH

v.

### STATE.

5 Div. 599.

Supreme Court of Alabama.

Feb. 24, 1955.

Rehearing Denied May 19, 1955.

Walter J. Merrill, Anniston, and H. M. Britton, Wedowee, for petitioner.

Robert Straub, Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, opposed.

STAKELY, Justice.

We have considered the exception to the oral charge of the court as set out in the opinion of the Court of Appeals and have concluded that the Court of Appeals reached a correct conclusion with reference thereto. As we understand the opinion of the Court of Appeals the State had one factual theory while the defendant had another factual theory. Solution of these different theories made a question for the jury. According to the theory of the prosecution the defendant was under the duty to retreat in accordance with the oral charge of the court. Under the factual theory of the defense the defendant was not under the duty to retreat and exception to the oral charge was made because of the failure of the court to charge on the law as it is claimed to relate to the theory of the defense.

In the instant case it is sufficient to say that when the oral charge is not as full and instructive as defendant's counsel desired his remedy is to request written charges which elucidate and explain the defendant's theory of the case. We quote briefly from two cases which state the principle here involved.

"Counsel for appellant contend that the oral charge of the court did not sufficiently discuss and cover the legal questions involved in the case, and did not fully set forth certain legal principles favorable to the plaintiff. If the oral charge was not as full and instructive as plaintiff's counsel desired, he could have requested the giving of written charges elucidating and explaining his theory of the case from a legal standpoint and urged error on the part of the court in refusing same; but we do not, as a rule, pass on things the trial court did not say in the oral charge. * * *"—Sudduth v. Central of Georgia Ry. Co., 201 Ala. 56, 77 So. 350, 351.

In the case of Williams v. State, 147 Ala. 10, 41 So. 992, 997, this court said:

"* * * Had the judge instructed the jury in his oral charge or a written charge had been given at the request of the solicitor asserting that defendant was not justified or excused, and an exception had been reserved to the oral charge, or if special charges had been requested by defendant raising the question of his justification or excuse and refused, then undoubtedly the ruling could be reviewed. But here we have a mere nondirection by the judge—a mere failure or refusal to instruct the jury orally upon a certain conceived phase of the testimony. This is wholly ineffectual to present for revision the question sought to be reviewed. * * *"

See also Brock v. State, 235 Ala 304, 178 So. 548; Alabama Jury Instructions by Walter B. Jones, Vol. 1, p. 108.

586

· It appears that the defendant requested written charges which explained and elucidated his theory of his defense and the court gave these charges which shows that the procedure outlined in the foregoing authorities was complied with.

It results that the judgment of the Court of Appeals is due to be affirmed.

Affirmed.

All the Justices concur.