**Albert S. PUENTES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20199.**

United States Court of Appeals
Fifth Circuit.

June 25, 1963.

James R. Gillespie, San Antonio, Tex., for appellant.

Harry Lee Hudspeth, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, Circuit Judge, LUMBARD *, Chief Judge, and BROWN, Circuit Judge.

PER CURIAM.

The sole question raised on this appeal is the sufficiency of the evidence to support the conviction. The indictment charged the Defendant with receiving, concealing and facilitating the transportation and concealment of a quantity of heroin knowing it to have been imported into the United States contrary to law. 21 U.S.C.A. § 174. The Defendant was tried, convicted, and sentenced. Having determined that the evidence is sufficient to support the conviction, we accordingly affirm the judgment entered thereon.

■■ The record reveals that while exercising their authority under a search warrant, Federal Narcotic Agents discovered a quantity of heroin buried beneath a fig tree in Defendant's back yard. Subsequent to his arrest, the Defendant was placed in a holdover cell with one "euphemistically referred to as a 'special employee' but who are better known in the literature of crime as stool pigeons." Williamson v. United States, 5 Cir., 1962, 311 F.2d 441, 445 (special concurrence). He testified as to conver-

---

* Of the Second Circuit, sitting by designation.

582

sations with the Defendant. According to the relater, Defendant stated that a man named Quiro was peddling his "stuff" and that someone had obviously tipped off the Federal Agents about the Defendant's operations because they went straight to where the "stuff" was hidden. Cross examination revealed that the "special employee" was hardly an upstanding citizen in the community, but whether there was an element of truth in his story was for the jury. Credited as it impliedly was by the verdict of guilty, there was more than enough to connect the Defendant with the narcotics. These factors, as well as others set out in the record, convince us that the case was one properly for jury determination. The jury made its choice. That is the end.

Affirmed.