315 So.2d 129

**Bobby Gene BARKER**

**v.**

**STATE.**

**6 Div. 813.**

Court of Criminal Appeals of Alabama.

May 6, 1975.

Rehearing Denied May 27, 1975.

William J. Baxley, Atty. Gen., Montgomery and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for the State.

William A. Robinson and Fred Blanton, Birmingham, for appellant.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Gerald Calma was the victim of a robbery at his pharmacy on the night of August 18, 1973. Appellant-defendant was

arrested, indicted, tried by a jury and convicted therefor with punishment at ten years. The plea was not guilty and his defense was an alibi. Defendant did not take the stand.

The victim, Gerald Calma, testified that on August 18, 1973, he was a pharmacist and co-owner of Don Fadely's Drugstore in Birmingham; that the store was closed and that while he was behind the prescription counter and his clerk, Terry Overstreet, was working the cash register, a man came in and wanted first-aid supplies. Shortly thereafter another man came in wanting a birthday card for his sister. This man drew a gun on Calma. These potential customers bound Overstreet and Calma with tape and took $850.56. We omit many details.

It is enough to say that Calma identified the defendant at a line-up as one of the robbers; also he made an in-court identification. There were some discrepancies in his description but the identification was sufficiently positive to present a jury question.

 The trial court heard the evidence and saw the witnesses as they appeared before the jury. New trial on ground verdict is contrary to evidence will not be granted unless verdict clearly appears palpably wrong or unjust. The trial court was not so convinced when he heard the motion for a new trial. We will not disturb the verdict. It was not palpably wrong or unjust. *Smith v. State,* 23 Ala. App. 488, 128 So. 358, cert. denied, 221 Ala. 217, 128 So. 359.

I

 At the outset of the trial, and before any witness was put on the stand, defendant's counsel informed the court that he had some verified statements of three witnesses taken in Illinois; that they were taken ex parte by defendant and were not in depositional form. He contended defendant's financial situation was such that he was unable to employ counsel to go to the various places in Illinois for the purpose of obtaining these depositions, neither was he able to afford transportation for these affiants to appear in court at the trial. *Allen v. State,* 42 Ala.App. 9, 150 So.2d 399, cert. denied, 275 Ala. 691, 152 So.2d 439.

So far as we are able to find, these affidavits do not appear in the record; we assume that they corroborated other witnesses for the defendant who testified that defendant was in Illinois when the robbery occurred; and that defendant and his wife were on a visit there at the time. If so, the testimony of the absent witnesses would have been cumulative. There is nothing in the record to show that defendant was an indigent. So far as this record reveals, defendant was not entitled to appointed counsel. He was represented at nisi prius and here, by employed counsel. The trial court correctly sustained the State's objections to the ex parte affidavits.

II

Appellant complains that the trial court failed to give any oral instructions to the jury relating to his contention of an alibi that was supported by several witnesses appearing on the stand at appellant's instance. The record does not show that defendant submitted any written charges for the court to give the jury relative to the issue of an alibi. *Smith v. State,* 262 Ala. 584, 80 So.2d 307; *Patton v. State,* 39 Ala.App. 308, 98 So.2d 621; *Edwards v. State,* 51 Ala.App. 433, 286 So.2d 308, cert. denied, 291 Ala. 777, 286 So.2d 313. In absence of such request, there is nothing for this court to review. *Edwards,* supra.

We find no error in this record prejudicial to appellant.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amend-

**334**

ed; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.

ON REHEARING

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant correctly asserts on rehearing that he did not contend on original submission that the failure of the trial court to charge on the issue of alibi was error to reverse. We withdraw part II of the opinion.

Opinion extended, application for rehearing overruled.

All the Judges concur.