A jury found this appellant "guilty of unlawfully selling, furnishing, or giving away marijuana" as charged in an indictment and fixed "a fine of $5,000 as punishment," to which additional punishment of imprisonment for four years was imposed by the trial court. The punishment was within the range of the fine and imprisonment prescribed by Code of Alabama 1975, § 20-2-70.
By his counsel appointed to represent him on appeal by reason of his indigency, appellant makes a strong argument challenging the sufficiency of the evidence to withstand defendant's motion for a new trial, which the trial court overruled. Appellant lays stress upon the fact that there was no corroboration of the testimony of an undercover narcotic agent for the Alabama Beverage Control Board that on October 12, 1978, he paid defendant ten dollars for a packet of substance that an expert witness testified was marijuana. He argues that the nature of the agent's work and the compensation that he is paid therefor preclude his classification as a disinterested witness. In addition, appellant urges that defendant's testimony, supported to some extent by other witnesses, that he was not present at the time and place the undercover agent testified the sale occurred, outweighs testimony of the undercover agent. Without denigrating the contention of appellant, we must answer by stating that an appellate court should not override the determination by the trial court as to the weight of the evidence in a case unless it clearly appears that the verdict is palpably wrong or unjust. Colvin v. State, 39 Ala. App. 355,102 So.2d 911 (1958); Barker v. State, 55 Ala. App. 332,315 So.2d 129, cert. denied 294 Ala. 752, 315 So.2d 130 (1975);Smith v. State, Ala.Cr.App., 342 So.2d 422 (1977). The verdict of the jury was within its province. The action of the trial court in overruling defendant's motion for a new trial was within the range of the discretion vested in the trial court and did not constitute error.
While the undercover agent was testifying as to the identity of the person who sold him marijuana, defendant requested a hearing out of the presence of the jury, which was granted, and defendant then endeavored to show that there had been a pretrial identification by the witness of the defendant, which defendant contended was an improper lineup that tainted his in-court identification and that the witness should not have been allowed to testify in court as to who the person was who sold him the controlled substance. Appellant now presents the same contention. It is to be noted, however, that the hearing out of the presence of the jury did not show a lineup, or any conduct that would have had the effect of an improper lineup. Pertinent parts of the testimony of the undercover agent on the hearing out of the presence of the jury were as follows:
 "Q. Mr. Crawford, did you have occasion to be at the county jail, Tuscaloosa county jail, some time around November 16, 1978?
"A. Yes, sir.
 "Q. All right, and on that occasion, was that in the late afternoon you were there?
"A. I was there about all day.
 "Q. All right, did you have occasion to observe the defendant at the Tuscaloosa county jail on that occasion?
"A. Yes, sir.
 "Q. And was he not put in a lineup room on that occasion?
"A. No, he was not.
"Q. Where was he?
"A. He was brought in separately.
"Q. He was brought in by himself, wasn't he?
"A. Yes, sir.
"Q. And shown to you at that time?
"A. Yes, sir. *Page 370 
". . .
 "MR. BIVENS: We strenuously object to the Court proceeding with identification of this witness when this man sat up here and testified that he saw the defendant by himself pointed out to him at the county jail.
"THE WITNESS: No, he was not pointed out. . . ."
After the undercover agent had testified, he was recalled by defendant for further cross-examination, and during the further cross-examination he was again interrogated as to his pretrial identification of defendant. He testified as follows:
 "Q. Tell the jury, please, how that identification process came about.
 "A. How the identification process came about, they put you in a room.
"Q. Put who in a room?
 "A. Me, in a room by myself and they have what you call a one-way mirror and they will bring a suspect in and they will ask who is that, and I tell them that is John Doe, Jane Doe, or whoever it might be.
"Q. They didn't tell you that was Robert Carpenter?
"A. No, sir, they didn't.
 "Q. They didn't tell you that was 180 pound small goatee, mustache and small afro black man, did they?
"A. No sir.
 "MR. BIVENS [Counsel for defendant]: No further questions, Judge.
 "MR. BERTOLOTTI [Counsel for the State]: No further questions."
The record does not disclose any impermissible suggestiveness in a pretrial identification of the defendant. Furthermore, the record affirmatively shows that the undercover agent had adequate opportunity to observe carefully the person who sold him the marijuana. The transaction between the two covered approximately eight minutes. The lighting conditions were good. The witness placed the name of the defendant on an envelope before handing it to another officer for security and chemical analysis. He wrote a description of the defendant that corresponded with the correct description of defendant on the date of the sale. Defendant testified that the apartment at which the undercover agent said the sale was made was the home of a female with whom defendant occasionally lived and that he was the "father of one of her kids."
We conclude, not only that there was no improper pretrial identification of defendant, but also that the in-court identification was independent of any pretrial identification. The in-court identification was properly admitted in evidence.DeLoach v. State, Ala.Cr.App., 361 So.2d 19, writ quashed, Ala., 361 So.2d 21 (1977); Jackson v. State, Ala.Cr.App.,361 So.2d 1152 (1977); Hatchet v. State, Ala.Cr.App., 335 So.2d 415
(1976); McGuff v. Alabama, 566 F.2d 939 (5th Cir. 1978).
The record discloses no error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.