BOWEN, Presiding Judge.
Virgle Otinger was convicted of first degree sodomy and first degree rape and sentenced to two concurrent terms of ten years’ imprisonment. On this appeal from *435 those convictions, he argues that his convictions should be reversed because the trial judge did not find the evidence credible.
At trial, the State’s evidence consisted of the testimony of the defendant’s two daughters, the victims who were both under twelve years of age at the time of the crimes, and that of Maxine Hopkins, the victims’ mother and the defendant’s ex-wife. Their testimony, as a matter of law, is sufficient to present a prima facie case of the crimes charged.
At trial, the defendant did not testify. His defense was to attack the credibility of his ex-wife and daughters and for this purpose he called two witnesses. Under the facts of this case, the significant issue and, in effect, the only issue the jury had to decide was whether it believed the witnesses for the prosecution.
In denying the motion for new trial, the trial judge entered the following written order:
“The court in this case has taken under advisement a motion for new trial filed by the defendant on December 9, 1987, and after careful consideration of said motion for new trial the court is of the opinion that said motion should be denied. The court agrees with the defendant that the jury had great difficulty in reaching a verdict in this case, and that the credibility of the evidence, in the opinion of the court, is unsatisfactory; nevertheless, this court does not have the right to substitute its opinion for the opinion of the jury (407 So.2d 874). It is further the opinion of the court that it is bound by the findings of the jury in regard to the credibility of the evidence and the weight that it should be given. The court was not satisfied beyond a reasonable doubt, and the court does not intend to strengthen the verdict of the jury by denying the defendant’s motion.
“In view of the foregoing authority, it is Considered and Adjudged by the Court as follows:
“1. That defendant’s motion for new trial is denied.”
At the sentencing hearing, the trial judge made the following remarks:
“The court ... is aware ... that some juries might’ve disagreed and they might not have returned a verdict of guilty in the case, but nevertheless, the court is under a duty of accepting the verdict of the jury, and I think the probabilities are that the defendant is guilty.”
* * * # # *
“The reason I’m giving him [the] minimum sentence is [because] the court has, as I said, has more doubt about this case than we do a lot of cases that we’ve heard here, and the court realizes in this case there’s a distinct possibility of a mistake, but the court, nevertheless, has to accept the verdict of the jury — ”
In Ex parte Nice, 407 So.2d 874 (Ala.1981), the Alabama Supreme Court affirmed the judgment of this Court granting a petition for writ of mandamus and setting aside the order of a circuit court granting Pugh’s motion for new trial. The trial court had granted the new trial “on the ground ‘that the testimony which convicted this defendant, ... was dubious in [the trial judge’s] mind.’ ” Nice, 407 So.2d at 876. This was found to be a “usurpation of power” by the trial judge. 407 So.2d at 879.
“This case is not substantially unlike a case in the federal system styled United States v. Cravero, 530 F.2d 666 (5th Cir.1976), which involved the role of the trial judge in ruling on a post-verdict motion and the role of the jury when the credibility of a government witness is involved. In Cravero, the Court opined:
“ ‘One of the oldest established rules of Anglo-American jurisprudence is that the jury is the arbiter of credibility of witnesses. As the Supreme Court stated in Hoffa v. United States, 385 U.S. 293, 311, 87 S.Ct. 408, 418, 17 L.Ed.2d 374, 387 (1966),
“ ‘ “The established safeguards of an Anglo-American legal system leave the veracity of a witness to be detected by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury.” ’
*436 “ ‘The trial judge cannot arrogate to himself this power of the jury simply because he finds a witness unbelievable. See, United States v. Weinstein, supra [452 F.2d 704], at 713 [2d Cir.1971]. Under our system of jurisprudence a properly instructed jury of citizens decides whether witnesses are credible. The trial judge is deemed to have no special expertise in determining who speaks the truth. Glosser v. United States, supra [315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942) ]; United States v. Parr, 516 F.2d 458, 464 (5th Cir.1975); United States v. Davis, 487 F.2d 112, 126 (5th Cir.1973); Williamson v. United States, 365 F.2d 12 (5th Cir.1965); Puentes v. United States, 319 F.2d 581 (5th Cir.1963).’” Nice, 407 So.2d at 878-79.
This Court is governed by the decisions of the Alabama Supreme Court. Code of Alabama 1975, § 12-3-16.
“A motion for a new trial on the grounds that, ‘the verdict of the jury was contrary to the evidence,’ will not be granted where it affirmatively appears that the questions involved are for the determination of the jury, unless it is clearly apparent that the verdict is palpably wrong or unjust.” Smith v. State, 23 Ala.App. 488, 489, 128 So. 358 (1930).
Under the facts of this case, this Court will not become the “thirteenth juror,” Tibbs v. Florida, 457 U.S. 31, 42, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982), and overturn the jury’s decision based on the credibility of witnesses.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.